IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARPENTERS COMBINED FUNDS, INC., by James R. Klein, Administrator, <br><br> Plaintiff, <br><br> v. <br><br> MW2 CONSTRUCTION, INC., <br><br> Defendant. | ) ) ) ) ) ) ) Civil Action No.  19-362 ) ) ) ) ) |

## COMPLAINT

1. Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185, in that Plaintiff is aggrieved by Defendant Contractor's failure to pay fringe benefit contributions and wage deductions in violation of a certain labor agreement entered into with the Keystone+ Mountain+ Lakes Regional Council of Carpenters and its affiliated local unions (hereinafter "Carpenters' Union").

2. Plaintiff Carpenters Combined Funds, Inc. ("Funds") is a Pennsylvania non-profit corporation that maintains its principal place of business at 650 Ridge Road, Pittsburgh, Pennsylvania 15205.

3. The Funds administer various fringe benefit funds and act as a collection agent for such funds, as well as certain employer associations and unions.  James R. Klein is the Administrator of the Funds.

4. The trustees of the various funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated the Funds as their agent for the collection of contributions payable to such funds on behalf of their trustees, participants, and beneficiaries.

5. Defendant MW2 Construction, Inc. ("Contractor") is engaged in the construction business and maintains its principal place of business at 195 Meadow Gold Lane, New Kensington, Pennsylvania 15068.

6. Defendant Contractor has entered into a labor agreement ("Agreement") with the Carpenters' Union pursuant to which Contractor was obligated to submit certain monthly payments to the Funds for pension, medical, annuity/savings, apprenticeship and dues for the benefit of employees covered under such Agreement.

7. In violation of such Agreement, Defendant Contractor has failed to make timely payments of principal contributions and wage deductions to the Funds for the period of July 2018 through February 2019, which has resulted in an estimated principal deficiency of $101,486.44.  Defendant Contractor is obligated to submit to the Funds its March 2019 reports with payments by April 30, 2019 and all future reports with payment by the 30th of the month following the month in which the work is performed.  The Funds estimate that each such monthly report will total at least $30,000.00.  In addition, interest through April 1, 2019 is due of $117,122.32 and contractual/liquidated damages are due the Funds of $186,384.97, for a total deficiency of $404,993.73.  Interest will continue to accrue after April 1, 2019 at the rate of $41.71 per day.

8. The Funds also claims any additional amounts that may be shown to be due as a result of any audits performed by the Funds or remittance reports submitted by Defendant Contractor to the Funds until the termination of this case.  If Contractor submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by Contractor to the Funds, interest will be assessed on the principal amount thereof at 1 ¼% per month and liquidated/contractual damages at ten (10%) percent times the principal amount owed by Contractor.  In the alternative, the Funds reserve the right to assert a claim for such additional amounts due in a subsequent legal action.

9. The Funds have demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

10. Pursuant to ERISA, Defendant Contractor is also obligated to the Funds to pay the Fund's reasonable attorneys' fees equal to twenty percent (20%) of the total delinquency, but not less than Eight Hundred Fifty Dollars ($850.00).  Such fees and expenses total $80,998.75 through April 1, 2019.  The Funds also claim attorneys' fees on any additional amounts shown to be due to the Funds until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

11. Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

12. The Funds are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes and labor agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, the Funds demand the following relief against Defendant Contractor:

(a)  A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such Agreement and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to the Funds pursuant to such Agreement, and enjoining Defendant Contractor from disposing of assets; and

(b)  For Defendant Contractor to be required to file complete and accurate remittance reports with the Funds covering all aspects of such Contractor's business operations July 2018 through the present; and

(c) For Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Contractor's covered employees for the last three years to enable the Funds to verify the accuracy of the amounts paid and/or due and owing by Contractor to the Funds; and

(d) For a money judgment in favor of the Funds and against Defendant Contractor in the sum of $485,992.48, plus such additional amounts shown to be owed to the Funds until termination of this case, plus contractual/liquidated damages, attorneys' fees of 20% of total amount due, and costs of suit; and

(e) For the Court to retain jurisdiction of the case pending compliance with its orders; and

(f) For such other and further relief as the Court may deem just.

TUCKER ARENSBERG, P.C.

*s/ Neil J. Gregorio*
Neil J. Gregorio
PA I.D. #90859
Jeffrey J. Leech
PA I.D. #19814
Ian M. Grecco
PA I.D. #324372

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

Attorneys for Plaintiff,
Carpenters Combined Funds, Inc.

Lit-5118381.1:010342-173015